SMITH v. WRIGHT.

*Contract — condition precedent to action upon.*

By a contract plaintiff was to do certain work upon a vessel of defendant to the satisfaction of P., and defendant was to pay a stipulated price upon the written order of P. *Held*, that it was a condition precedent to the maintenance of an action for the price of the work that plaintiff should procure the written order from P., or show that it was demanded and refused.

APPEAL by defendant Wright from a judgment in favor of plaintiff, entered upon the report of a referee.

The action was brought by Charles H. Smith against George S. Wright and others, for work done upon a contract. Sufficient facts appear in the opinion. Defendant Wright alone appeared.

*John N. Whiting* and *Foster & Thompson,* for appellant.

*Albert Smith,* for respondent.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

BRADY, J. This action was brought to recover a balance due upon a written contract to do joiner and other work on the steamship Vixen. By the terms of the contract and specifications, all the materials and workmanship were subject to the approval of the defendant Lewis, who was one of the owners of the vessel, and the payments were to be made as follows: One thousand dollars when the contract was signed, and installments of $1,000 as the work progressed, " so as to leave about $2,000 when the contract is finished to the entire satisfaction of Captain Sabin F. Lewis, who will give an order on me for the payments." The defendant George S. Wright alone appeared, and it would seem because he alone was served with process herein, and he only appeals from the judgment. The defense interposed on the proofs was two-fold, namely: a failure on the part of the plaintiff to complete the work according to the terms of the contract and specifications, and a counterclaim arising from a forfeiture of $25 per day for every day over seven weeks from the time the iron part of the vessel was finished, contemplated by the contract, and the time the plaintiff completed his work. The questions thus presented were litigated, and the testimony was conflicting. But the plaintiff neither gave evidence of an order from the defendant Lewis or John T. Wright, Jr., the agent of the defendants, the owners, and who made the contract as such, nor of an application for it, as required by the contract, to enable him to demand payment. The moneys paid out during the running of the contract were on the orders of the defendant Lewis, and there is no reason to suppose, therefore, that the plaintiff did not fully understand the condition upon which his compensation was dependent. The work and the materials were to be subject to

the approval of Lewis, and the installments were to be paid on his orders, which would be the evidence of his entire satisfaction. Such was the meaning of the contract, and such the intent, and such its express terms. The referee was requested so to find, and he did so; he found that, by terms of the specifications annexed· to said contract, all the materials and workmanship were to be subject to the approval of Captain Sabin F. Lewis, and that the balance due and payable by the terms of said contract was only payable when said contract was finished to the entire satisfaction of Captain Sabin F. Lewis, who was then to give an order on said John T. Wright, Jr., for the payments. This condition precedent rendered it necessary to show, in the absence of the order, that it was obstinately and unreasonably, or fraudulently refused on application. Performance of the contract when the order is refused will excuse its non-production, because that proof will demonstrate the unreasonable conduct of the person in refusing to give it; but it will not obviate the necessity of applying for it. Such is the rule established by the cases. *Smith* v. *Brady,* 17 N. Y. 176; *United States* v. *Robeson,* 9 Pet. 319; *McMahon* v. *N. Y. & E. R. Co.,* 20 N. Y. 466; *Thomas* v. *Fleury,* 26 id. 26. See, also, *Hurst* v. *Litchfield,* 39 id. 380; *Wyckoff* v. *Meyers,* 44 id. 143; *Glacius* v. *Black,* 50 id. 145.

The finding of the referee to the effect stated, rendered it incumbent on him to give judgment for the defendant, and his report to the contrary was erroneous.

The judgment must, for these reasons, be reversed, and a new trial ordered, with costs to abide event.

*Judgment reversed, and new trial ordered.*